CHARLES T. STACKPOLE, and another, *vs.* ALBERT H. PERKINS.

Kennebec.    Opinion January 27, 1893.

*New Trial.*

In an action for breach of warranty in the sale of a horse, the breach relied on was a quarter-crack. The verdict was for the defendant. An important witness relied on by the defendant was the smith who usually shod the horse prior to the sale and testified that the horse had no quarter-crack. A witness, newly-discovered, testifies that the smith, after the sale, told him that it had a quarter-crack before the sale. It appearing doubtful whether the verdict is sustained by the weight of evidence and other witnesses being produced, since the trial, who testify that they saw the quarter-crack before the sale, *the court consider that a new trial be ordered.*

ON MOTION.

The case appears in the opinion.    The verdict was for the defendant.

*Baker, Baker and Cornish*, for plaintiffs.
*Heath and Tuell* and *Walton and Walton*, for defendant.

HASKELL, J.    This is an action for breach of warranty in the sale of a horse.    The verdict was for defendant.    A motion for new trial is made because the verdict is against the weight of evidence, and because of evidence newly-discovered since the trial.    The unsoundness complained of is quarter-crack.    The warranty is admitted.    The report of evidence contains more than seven hundred printed pages.    Photographs of the foot, taken after the sale, are shown.

A careful consideration of the evidence, used at the trial, makes it extremely doubtful whether the verdict is sustained by the weight of it.

Witnesses are produced who testify that they saw the quarter-crack before the sale. If their testimony be true, the verdict should not stand. We have not seen them, and heard them testify. We think their credibility should be passed upon by a jury.

It is objected that their testimony is cumulative and not newly-discovered. We think it is newly-discovered. In one sense it is cumulative. It tends to prove the one fact in dispute, the existence of the quarter-crack. The evidence of plaintiffs at the trial did. In this respect it is cumulative. But, on the other hand, it tends to prove independent facts,— what each witness saw at different periods of time before the sale,— leading more or less strongly to the inference of unsoundness at the date of sale.

However this may be, there is one piece of evidence that, if true, destroys or at least impairs the testimony of one of the most important witnesses called for the defendant at the trial, not open to this objection.

At the trial, the smith, who had usually shod the horse for its owner during the summer prior to his sale of it in December, testified that the horse had no quarter-crack. Of all men, this witness must have known the fact. His evidence must have had great weight with the jury. A witness is produced who testifies that the smith, after the sale of the horse, told him that it had a quarter-crack before the sale. This witness is newly-discovered, and his evidence is not cumulative in a legal sense. If believed, his testimony must substantially destroy the evidence of a witness at the trial, whose testimony may have been considered of controlling weight. It may be said that, without the testimony of the smith, the defendant should prevail ; that the destruction of his testimony does not prove the quarter-crack. True, but the absence of his testimony would be a strong factor in the plaintiff's case.

The price paid for the horse was large, said to exceed $2000. The photographs show quarter-cracks of long standing. Some of the witnesses say the horse had a block foot, slightly drawn at the quarters. On the whole, we think a new trial should be ordered.                                        *Motions sustained.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.